United States District Court
Southern District of Texas
**ENTERED**
March 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § § § |
| VS. | § CRIMINAL ACTION NO. 4:20-CR-00060 |
| TANVEER AHMED, | § § § |
| Defendant. | § |

## **ORDER**

On this day the Court held a hearing in the above-captioned case and took various motions under advisement. The Court resolves those motions as follows.

### I.

Defendant Tanveer Ahmed ("Defendant") filed a Motion to Suppress (Doc. No. 47) pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), seeking to suppress statements obtained by United States government agents on two separate occasions: (1) on October 3, 2019, at a meeting between the Defendant and government agents at a prison in Mozambique ("First Interview"); and (2) on January 27, 2020, aboard flights extraditing him to the United States ("Second Interview"). The Government filed a response in opposition (Doc. No. 59). At the hearing, defense counsel conceded that Defendant was not in "custody" for purposes of *Miranda* at the First Interview. Moreover, the meeting was held at the Defendant's request, and his lawyer was present during all the substantive conversation. Finally, Defendant chose the topics and led the discussion. He was not interrogated as that term is understood in the *Miranda* context by any of the agents. Therefore, the only issue is whether the Defendant's statements elicited during the Second Interview should be suppressed.

Based upon the motion, the briefing, and the testimony and record evidence adduced at the hearing, the Court concludes as to the Second Interview that Defendant was given adequate *Miranda* warnings. Defendant flew with the agents in question from Johannesburg, South Africa, to Houston, Texas. Before any interrogation took place, Defendant's *Miranda* rights were explained to him, and he waived those rights. (Doc. No. 59, Ex. 5, at 1–2); *see also* (Doc. No. 59, Ex. 6). The conversations between the agents and Defendant took place off and on during the flight. These sessions were recorded. Additional warnings at the beginning of each questioning session, as has been suggested by defense counsel, were not required. As a result, the Motion to Suppress (Doc. No. 47) is **DENIED**.

## II.

Defendant filed a Motion to Compel Discovery (Doc. No. 58). The Government has not filed a response in opposition. Defendant's Motion seeks production of the following extradition-related documents: (1) correspondence relating to "clarifications" requested by the Supreme Court of Mozambique during Defendant's extradition proceedings, and (2) correspondence submitted by the United States in response to these "clarifications."

The Court **GRANTS IN PART** Defendant's Motion to Compel. The Government is **ORDERED** to locate and review the "correspondence" between the United States and the Supreme Court of Mozambique and to either (1) produce it to the defense, or (2) file a written objection. It should do so by May 1, 2022.

## III.

Defendant filed a Motion to Dismiss Indictment (Doc. No. 64). The Government has not filed a response in opposition. This Motion concerns Counts 2 and 3, as Count 1 has been dropped. *See* (Doc. No. 62). The Motion contends that Counts 2 and 3 of the Indictment (Doc. No. 5) must

be dismissed under the rule of specialty. The rule of specialty is a principle of international law holding that when a person is extradited from one country to another to face criminal charges, the person may only be tried for the offense for which he was surrendered. *See United States v. Rauscher*, 119 U.S. 407, 420–21 (1886); *United States v. LeBaron*, 156 F.3d 621, 627 (5th Cir. 1998). Whether an individual defendant (as opposed to a nation) has standing to raise the rule of specialty is an undecided issue in the Fifth Circuit. *See LeBaron*, 156 F.3d at 626; *United States v. Angleton*, 201 F. App'x 238, 243 n.12 (5th Cir. 2006). At least one circuit holds that only the surrendering government can raise this issue, absent a contrary provision in an extradition treaty. *See United States v. Barinas*, 865 F.3d 99, 105 (2d Cir. 2017).

Even assuming Defendant has standing to object under the rule of specialty, the Court concludes that Defendant has failed to show a violation of the rule. The Supreme Court of Mozambique's decision regarding Defendant's extradition (Doc. No. 21, Ex. 4) identifies the charges set out in Counts 2 and 3 and even those portions of the United States Code that Defendant is accused of violating in Counts 2 and 3 of the Indictment. (*Id.* at 1–2, 14, 16). As such, it clearly knew about and considered those counts when extraditing Defendant. Accordingly, Defendant's Motion to Dismiss (Doc. No. 64) is **DENIED**.

All other pending motions are **DENIED** as moot.

SIGNED at Houston, Texas this 16th day of March, 2022.

Andrew S. Hanen
United States District Judge